IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN RAMIREZ ARIAS, JAVIER ANGEL, MIGUEL RAMIREZ ARIAS, and all other similarly situated employees of LAND ORIGINS, LLC,<br><br>Plaintiffs,<br><br>- against -<br><br>LAND ORIGINS, LLC, and JASON BEATRICE, individually<br><br>Defendants. | Civil Action<br><br>**AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Case No.: 2:19-cv-18823-BRM-JAD |

Plaintiff JUAN RAMIREZ ARIAS ("Juan Arias"), JAVIER ANGEL ("Javier Angel"), and MIGUEL RAMIREZ ARIAS ("Miguel Arias") (collectively "Plaintiffs"), by and through their attorneys, upon personal knowledge as to themselves and upon information and belief as to others similarly situated, bring this Amended Class and Collective Action Complaint against Defendants, LAND ORIGINS, LLC, ("Land Origins") and JASON BEATRICE, ("Beatrice"), individually (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Plaintiffs bring this lawsuit seeking recovery against Defendants for Defendants' violations of the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790), and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC") (collectively the "NJWHL"), as well as the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2. Plaintiffs bring this lawsuit against Defendants as a class and collective action pursuant to Rule 23, and 29 U.S.C. 216(b), on behalf of themselves and all other persons

1

similarly situated non-exempt landscape laborers who suffered damages as a result of Defendants' violations.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, 1332, and 1367, and by 29 U.S.C. § 216(b).

4. This Court has original jurisdiction over the Plaintiffs' state law claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). This is a putative action whereby: (i) the proposed Rule 23 class consists of at least 100 or more members; (ii) at least some of the members of the proposed Rule 23 class, including but not limited to Plaintiffs, have a different citizenship from Defendants; and (iii) the claims of the proposed Rule 23 class exceeds $5,000,000.00 in the aggregate, exclusive of attorneys' fees and costs.

5. Further, the Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. At all times pertinent to this Complaint, the Defendants were and remain an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a landscaping company. Alternatively, Plaintiffs and those similarly situated employees worked in interstate commerce, i.e., servicing clients, and using

interstate materials and tools used to create an end product by use of the materials.  Thus, Plaintiffs and those similarly situated employees fall within the protections of the FLSA.

8. Venue is proper in this District Court because one of the Plaintiffs resides in Union County.

## PARTIES

9. Plaintiff Juan Arias is an adult individual who is a resident of White House, Hunterdon County, New Jersey.

10. Plaintiff Juan Arias was employed by Defendants full time as a non-exempt landscape laborer, from in or about April 2016, until approximately June 2019.

11. Plaintiff Javier Angel is an adult individual who is a resident of White House, Hunterdon County, New Jersey.

12. Plaintiff Javier Angel was employed by Defendants full time as a non-exempt landscape laborer, from in or about May 2008, until approximately July 2019.

13. Plaintiff Miguel Arias is an adult individual who is a resident of Plainfield, Union County, New Jersey.

14. Plaintiff Miguel Arias was employed by Defendants full time as a non-exempt landscape laborer, from in or about 2015, until approximately June 2019.

15. Defendant Land Origins is a landscaping business that was formed 22 years ago and provides services in both New Jersey and Pennsylvania.

16. Upon information and belief, individual Defendant Jason Beatrice is a New Jersey state resident.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Jason Beatrice has been an owner, partner, officer and/or manager of the

Defendant Land Origins.

18. Upon information and belief, at all times relevant to this Complaint, individual Defendant Jason Beatrice has had power over personnel decisions at the Defendant Land Origins' business.

19. Defendant Jason Beatrice was regularly present at Land Origins, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

20. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

21. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## FACTS

22. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiffs, and others similarly situated to Plaintiffs, for all overtime hours worked in a work week.

23. Plaintiff Juan Arias was paid an approximately $640.00 per week, regardless of the number of hours that he worked in a work week.

24. Plaintiff Juan Arias regularly worked approximately six (6) days each week.

25. Plaintiff Juan Arias regularly worked fifty-five (55) to sixty (60) hours each week.

26. Plaintiff Juan Arias, as well as all other similarly situated employees of Defendants were also required to work in excess of forty (40) hours in a workweek.

27. Plaintiff Juan Arias, as well as all other similarly situated employees of Defendants, were not paid time and one half for the hours over forty (40) worked in a workweek.

28. Plaintiff Javier Angel was paid an approximately $630.00 per week, regardless of the number of hours that he worked in a work week.

29. Plaintiff Javier Angel regularly worked approximately six (6) days each week.

30. Plaintiff Javier Angel regularly worked fifty-five (55) to sixty (60) hours each week.

31. Plaintiff Javier Angel, as well as all other similarly situated employees of Defendants, were not paid time and one half for the hours over forty (40) worked in a workweek.

32 Plaintiff Miguel Arias was paid an approximately $800.00 per week, regardless of the number of hours that he worked in a work week.

33. Plaintiff Miguel Arias regularly worked approximately six (6) days each week.

34. Plaintiff Miguel Arias regularly worked fifty-five (55) to sixty (60) hours each week.

35. Named Plaintiffs, as well as all other similarly situated employees of Defendants were not paid time and one half for the hours over forty (40) worked in a workweek.

36. At all times material hereto, Plaintiffs and all similarly situated employees, were performing their duties for the benefit of and on behalf of Defendants.

37. This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees pursuant to the applicable provisions of NJWHL, and the FLSA, on behalf of Plaintiffs and all other current and former employees similarly situated during the material time.

38. At all times pertinent to this complaint, Defendants failed to comply with applicable provisions of the NJWHL and the FLSA in that Plaintiffs and all similarly situated employees of Defendants performed services and labor for Defendants for which Defendants made no provision to pay Plaintiffs and other similarly situated employees' compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

39. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt laborers who were not properly compensated for hours worked in excess of forty (40) hours in one or more work periods, on or after August 28, 2016.

40. Plaintiffs have retained the law office of Jaffe Glenn Law Group, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action. Pursuant to the NJWHL, as well as the FLSA, Plaintiffs are entitled to a recovery of reasonable attorneys' fees and costs.

## CLASS AND COLLECTIVE ALLEGATIONS

41. This action is properly maintainable as a Class Action pursuant to Rule 23, as well as a Collective Action pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b).

42. This action is brought on behalf of Plaintiffs and a putative Class consisting of similarly situated employees who performed work for Defendants.

43. The Plaintiffs and potential Class are all impacted by the Defendants' common policy, which violated the NJWHL, and the FLSA, by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week.

44. The size of the putative Class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative Class are not known.

45. A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy as the Class is so numerous that joinder of all putative Class members is impracticable.

46. Upon information and belief, Defendants apply similar employment policies, practices, and procedures to all landscaping laborers for Defendants' landscaping company.

47. The claims of the Plaintiff are typical of the claims of the putative Class. Specifically, the Plaintiff and the putative Class were all subject to Defendants' common policies and willful practices of failing to pay laborers overtime wages. The Plaintiff and the putative Class have sustained similar injuries as a result of Defendants' actions.

48. A Class Action is also superior to other methods of adjudication as common questions of law and fact as to all putative class members predominate over any questions pertaining to individual members of the class, including, but not limited to, whether Defendants properly compensated the Plaintiffs and the putative Class members for those hours worked in excess of forty (40) hours in one or more work periods, on or after August 28, 2016.

49. Additionally, proceeding as a Class is beneficial to Defendants as their defenses, if any, are common as to the Class as opposed to individual members.

50. The Plaintiffs and counsel will fairly and adequately protect the interests of the putative class. The Plaintiffs have retained counsel experienced in complex wage and hour class and collective action litigation. As well, the claims of the Plaintiffs are consistent with and not antagonistic to the interests of other putative Class members.

51. A Class Action is also superior to other methods for adjudication of this controversy because the named Plaintiffs and putative Class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Because the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation, a Class Action will more adequately redress the wrongs done to the Plaintiff and putative Class.

52. The Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL, as well as all other applicable state laws, by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

53. A Class Action under Rule 23 and a collective action under § 216(b) are superior to other methods of adjudication as they prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## COUNT I
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

54. Plaintiffs re-allege, and incorporate here by reference, all allegations contained in the paragraphs above.

55. Defendants engaged in a widespread pattern, policy, and practice of violating the NJWHL, as detailed in this Class Action Complaint.

56. At all relevant times, Plaintiffs, and others similarly situated to Plaintiffs, were employed by the Defendants within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. 34-11:56a1(f)(as amended on August 6, 2019, S1790).

57. Plaintiffs and those similarly situated employees are covered by the NJWHL.

58. Defendants have failed to pay Plaintiffs, and employees similarly situated, all of the overtime wages to which they are entitled under the N.J.S.A., 34:11-56a4 (as amended on August 6, 2019, S1790), and N.J.A.C., 12:57-5.4.

59. Defendants have failed to pay Plaintiffs, and those similarly situated employees, their overtime compensation at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek. *Id.*

60. As a direct and proximate cause of Defendants' actions, Plaintiffs and those similarly situated employees, suffered damages, including but not limited to past, lost earnings.

61. Defendants' aforementioned conduct is in violation of the NJWHL.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

62. Named Plaintiffs re-allege, and incorporate here by reference, all allegations contained above.

63. Named Plaintiffs are entitled to compensation for each of their overtime hours worked each work week.

64. All similarly situated employees of the Defendants are also owed their overtime rate for each and every overtime hour they worked and were not properly paid.

65. Defendants knowingly and willfully failed to pay Named Plaintiffs and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

66. By reason of the said intentional, willful, and unlawful acts of Defendants, Named Plaintiffs and those similarly situated employees have suffered damages, plus incurring

costs and reasonable attorneys' fees.

67. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

68. As a result of Defendants' willful violations of the Act, Named Plaintiffs and those similarly situated employees are entitled to liquidated damages.

## **JURY TRIAL**

69. Plaintiffs and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiffs, JUAN RAMIREZ ARIAS, JAVIER ANGEL, MIGUEL RAMIREZ ARIAS, and those similarly situated employees, pray for the following relief:

(a) That this Court certify this action as a Collective Action in accordance with 29 U.S.C. § 216(b);

(b) That this Court certify this action as a Class in accordance with Rule 23 and certify a class of employees similarly situated to Plaintiffs, JUAN RAMIREZ ARIAS, JAVIER ANGEL, MIGUEL RAMIREZ ARIAS;

(c) That Plaintiffs, JUAN RAMIREZ ARIAS, JAVIER ANGEL, MIGUEL RAMIREZ ARIAS be designated Class Representatives;

(d) That the undersigned counsel be designated as Class Counsel;

(e) That Plaintiffs, JUAN RAMIREZ ARIAS, JAVIER ANGEL, MIGUEL RAMIREZ ARIAS and the certified Class may have a trial by jury;

(f) That this Court certify a Class of employees similarly situated to Plaintiffs, JUAN RAMIREZ ARIAS, JAVIER ANGEL, and MIGUEL RAMIREZ ARIAS to pursue claims for unpaid overtime under the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790) ("NJWHL") and associated New Jersey Administrative

Code, Ch.12:56-1:1, *et. seq.* ("NJAC") and the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.;

(g) That Plaintiffs, JUAN RAMIREZ ARIAS, JAVIER ANGEL, MIGUEL RAMIREZ ARIAS, and the Class be awarded unpaid overtime, liquidated damages, attorneys' fees and costs, and all remedies available under the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790) ("NJWHL") and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC"), and the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.; and

(h) That Plaintiffs, JUAN RAMIREZ ARIAS, JAVIER ANGEL, MIGUEL RAMIREZ ARIAS and the certified Class be awarded such other and further relief as this Court may deem just and proper.

Dated: October 31, 2019                              Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*

11